46 P.(2d) 1114

**STATE ex rel. ANDERSON, State Treasurer,**

**v. ANCHOR GROCERY CO.**

No. 4043.

Supreme Court of New Mexico.

July 1, 1935.

E. K. Neumann, Atty. Gen., and T. J. Mabry, Dist. Atty., of Albuquerque, for appellant.

Henry G. Coors, of Albuquerque, for appellee.

BICKLEY, Justice.

Appellee, a licensed liquor dealer, sold 1,122 packages of liquor, each containing ⅕ of one gallon. Upon each of said packages appellee affixed liquor excise stamps of the value of 16 cents. Appellant contended in the trial court that there should have been affixed to each of said packages stamps of the value of 20 cents. Appellant sued for the difference. Judgment was for appellee.

The controlling part of section 12, c. 30, Laws 1934 (Sp. Sess.), which controls the decision, is as follows:

"(a) There shall be levied and collected on all alcoholic beverages sold in this State, other than for shipment in interstate or foreign commerce, the following excise tax: * ,* *

"(7) On all other liquors, liqueurs and cordials, the sum of 80¢ per gallon.

"Provided that in computing the tax on any package of spirits a proportionate tax at a like-rate on all fractional parts of a gallon shall be paid, except that all fractional parts of a gallon less than ¹⁄₁₆ shall be taxed at the same rate as shall be taxed for ¹⁄₁₆ of a gallon."

It is appellant's contention apparently that the act means that only the fraction 1/16 shall be used in computing the tax on a fractional part of a gallon, so that, to quote an illustration supplied: "If the container holds less than 1/16 gallon of alcoholic liquor, the tax thereon shall be 5¢; If the container holds more than 1/16 gallon, but less than 2/16 gallon, the tax thereon shall be 10¢; If the container holds more than 2/16 gallon, but less than 3/16 gallon, the tax thereon shall be 15¢; If, as in this case, the container holds more than 3/16 gallon but less than 4/16 gallon, the tax thereon shall be 20¢."

We think this contention is unwarranted.

■■ It is seen from a reading of the entire act and regulations promulgated thereunder that in computing the tax the package is the unit; the statute declaring: "Provided that in computing the tax on any package of spirits."

The tax is to be represented by stamps in the proper amounts to be affixed to each package.

The statute quoted supra employs the phrase "fractional parts of a gallon" twice; once as "fractional parts of a gallon," regardless of the proportions of the fraction, and again "fractional parts of a gallon less than 1/16." This implies that it was anticipated that there would be packages containing fractional parts of a gallon greater than 1/16. The act does not discriminate as to the tax on fractions of a gallon less than 1/16. It is well known that alcoholic liquors are bottled and sold in packages containing less than 1/16 gallon or 1/2 pint, as in two, four, and six ounce packages. These packages containing less than 1/2 pint under the statute would have to be taxed the same as a package containing 1/2 pint; the Legislature apparently desiring to place a stated tax upon bottles of 1/2 pint or less without requiring the measurements of the packages containing such small amounts. The packages sold by appellee each contained 1/8 of a gallon, which is not less than 1/16 of a gallon, and therefore the exception in the statute has no application; such exception, as we view it, applying only to packages containing fractions of a gallon, less than 1/16 of a gallon. Appellee, having affixed stamps of the value of 16 cents to each package containing 1/8 of one gallon, met the requirement of the law.

We think the ruling of the trial court in sustaining appellee's demurrer and dismissing the complaint was correct, and the judgment should be affirmed, and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.